IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEORGE K. PRAGOVICH, | ) |
| | ) Case No. MC08-6422-S-EJL-LMB |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Currently pending before the Court is Plaintiff's Motion to Quash two Third-Party Summonses issued in an ongoing Internal Revenue Service investigation.[1] (Docket No. 1).

Having carefully reviewed the record, and otherwise being fully advised, the undersigned Magistrate Judge makes the following Report and Recommendation:

## I. BACKGROUND

This matter relates generally to an Internal Revenue Service ("IRS") investigation of Plaintiff and his business, National Justice Center, who are alleged to have instigated and participated in illegal tax protester activities. *Defendant's Response*, p. 2 (Docket No. 6). Specifically, the IRS is investigating the extent of Plaintiff's involvement in a number of

---

[1] Petitioner has filed motions to quash in all 14 judicial districts in connection with summonses served on witnesses in those districts. *Defendant's Response*, p. 1 (Docket No. 6). In the instant action, Plaintiff seeks to quash summonses issued on Patrick DeRyan, of Couer D'Alene, ID, and Manfred R. Stockwell, of Boise, ID. *Plaintiff's Motion to Quash*, p. 2. (Docket No. 1).

**REPORT AND RECOMMENDATION - 1 -**

frivolous lawsuits designed to impede tax-law administration.[2]  *Id*.  As part of the investigation, the IRS has issued twenty-two third-party summonses to several of the plaintiffs in the frivolous actions filed in the District of the District of Columbia.  *Id*. at p. 4; *Plaintiff's Motion to Quash*, p. 2 (Docket No. 1).

Plaintiff seeks to quash the summonses on the ground that they fail to meet the "good faith" requirements of *United States v. Powell*, 379 U.S. 48 (1964).  *Plaintiff's Motion to Quash*, p. 2–8 (Docket No. 1).  Specifically, Plaintiff contends that the summonses were (1) issued for an illegitimate purpose; (2) irrelevant to the IRS's investigation; and (3) regard information already in possession of the IRS.  *Id*.  Plaintiff argues that the true purpose of the summonses is to improperly squelch his First Amendment rights.  *Id*.  Thus, Plaintiff requests that all twenty-two summonses be quashed, and that an Order be issued enjoining the IRS from further investigations of Plaintiff in this matter.  *Id*. at 7–8.

The IRS maintains that the summonses were issued properly and not in violation of the requirements of *Powell*.  *Defendant's Response*, pp. 5–7.  Additionally, despite Plaintiff not raising the issue, the IRS states that Plaintiff has also failed to show that the summonses are an abuse of process, as required by *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).[3]  *Id*. Finally, the IRS contends that a July 14, 2008, Order, from the Middle District of Florida

---

[2]  193 virtually identical frivolous lawsuits have been filed in the U.S. District Court for the District of the District of Columbia.  *Defendant's Response*, p. 3. (Docket No. 6).

[3]  Once the government meets the requirements enumerated in *Powell*, the burden shifts to the party opposing the summonses to show that enforcement of the summonses would be an "abuse of process" or "lack institutional good faith."  *Fortney v. United States*, 59 F.3d 117 (9th Cir. 1995) ("Once a prima facie case is made a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith." (internal citations omitted)).

**REPORT AND RECOMMENDATION - 2 -**

("Florida"), denying an identical petition by Plaintiff precludes this Court from making a finding adverse to the Florida Court. *Defendant's Supplemental Response*, pp. 3–5 (Docket No. 7). Likewise, the IRS requests that the Motion to quash be similarly denied in this case.[4]

## II.  REPORT

**A.**     <u>**Preclusive Effects of a Former Adjudication**</u>

Article IV, § 1, of the United States Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."  28 U.S.C. § 1738 provides that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . ." As a result, "[t]he general rule implemented by the full faith and credit statute [is] that parties should not be permitted to relitigate issues that have been resolved by [other] courts of competent jurisdiction . . . ."

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008).  "Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. " *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001).  "Claim preclusion[, on the other hand,] generally refers to the effect of a prior judgment in foreclosing successive

---

[4]  Plaintiff has not responded to the IRS's preclusion claim.

**REPORT AND RECOMMENDATION - 3 -**

litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *Id.*

### 1. Claim Preclusion

"Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir.1988) (quotations omitted). When the former action results in a judgment for the defendant, the general rule of "bar" applies. *See Marree v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985). Thus, when asserted by Defendant, claim preclusion will "bar[] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir.1980). "To determine if a later-filed action is [precluded], the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *See Adams v. State of Cal. Dept. of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007); *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000). Thus, "[claim preclusion] applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

To determine if the former adjudication is presented again in the current action, Courts in this Circuit apply the Restatement (Second) of Judgment's transactional test, which looks to four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same

**Report and Recommendation - 4**

transactional nucleus of facts.  The last of these criteria is the most important.
*Adams v. State of Cal. Dept. of Health Servs.*, 487 F.3d 684, 689 (*quoting Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

Here, it is clear that Plaintiff presents the same claims already asserted in the Middle District of Florida.  *See George K. Pragovich v. Internal Revenue Service, et al.*, No. 8:08-mc-50-T-24-EAJ, slip op. (M.D. Fla. July 14, 2008) [hereinafter *Florida action*].  Essentially, Plaintiff alleges, in both the present action and Florida action, virtually identical arguments.  In both actions, a motion to quash summonses issued from the IRS are at stake.  The prayer for relief is, likewise, identical.  There are no additional facts Plaintiff pleads in the immediate motion that were not plead in the Florida action.  This motion is literally a carbon copy of the evidence and arguments presented by Plaintiff in Florida.  It is clear, therefore, that the two actions arise out of the same transactional nucleus of facts—Plaintiff's opposition to the IRS summonses based on First Amendment arguments.

Next, in Florida, the Court rejected Petitioner's motion to quash on the merits of the claims that are now presented again here.  *Florida action*.  As a result, if this Court were to proceed, the rights of the IRS in Florida would be destroyed or impaired by a contrary holding here.  Further, because of Plaintiff's identical pleadings, it is obvious both actions present substantially the same evidence.  Put simply, Plaintiff argues the same thing, using the same words, in the same order.  Finally, though not raised, even if Plaintiff were to argue that his claim here is unique because it is concerns different summonses in a different state, case law requires that the result must match as the argued underlying rights are the same.  *See Fantasy, Inc. v. LaFace Records*, Case No. CV 98-0856, 1998 WL 916481, *13 (E.D.Cal. Nov. 12, 1998).

**Report and Recommendation - 5**

With regard to the finality of the judgment on its merits, Federal Rule of Civil Procedure 41(b) states that "a[n involuntary] dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication upon the merits." The Florida action makes clear that the decision was made on the merits of the case, examining the claims of Plaintiff and Defendant, declining to dispose of the case for want of personal or subject matter jurisdiction. Likewise, it is abundantly clear that the judgment in the Florida case is final and was made on its merits.

Privity among the parties in both the former and successive actions is the final element used to determine whether this subsequent action is duplicative, and thus precluded. "The federal courts have deemed several relationships 'sufficiently close' to justify a finding of 'privity' and, therefore, preclusion under the doctrine of res judicata." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (*quoting Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 )5th Cir. 1977). Analysis of this element is not necessary; the parties in both actions are identical and they remain identically postured as Plaintiff and Defendant in this action.

**B.     Conclusion**

Because Petitioner's present action contains the identical claims as his prior action in Florida, he is barred, under the doctrine of claim preclusion, from relitigating those claims. *See* 28 U.S.C. § 1738. Accordingly, it is unnecessary for the Court to address the substance of Plaintiff's Motion, as well as Defendant's response.

**Report and Recommendation - 6**

### III.  RECOMMENDATION

Based upon the FOREGOING, it is hereby RECOMMENDED that the District Court enter an Order consistent with the following:

1. That Plaintiffs' Motion to Quash Third Party Summonses (Docket No. 1) be DENIED WITH PREJUDICE; and

2. Judgment in favor of Defendants be entered, and the case closed.



DATED:  **December 17, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**Report and Recommendation - 7**